IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MATTHEW LEGAULT**                                                                                          **PLAINTIFF**

v.                              **CASE NO. 4:24-CV-00728-BSM**

**COSTCO WHOLESALE CORPORATION**                                              **DEFENDANT**

**ORDER**

Matthew Legault's motion to compel [Doc. No. 35] is denied for the following reasons.

    A.    <u>Reviewing Files In Native Format</u>

Legault's motion to compel Costco to provide him with native files and metadata is denied because Costco states the files are security sensitive configuration files. While Legault argues that this is insufficient, Costco has offered to make the files available to Legault. Costco Response, Doc. No. 36, Exs. C at 1 and D at 1. Additionally, the parties were unable to come to an agreement on a protective order, therefore, Legault's argument about recourse of confidentiality concerns being through a protective order is denied. *See* Doc. Nos. 15, 22–23, 27, 31, and 34.

    B.    <u>Discovery Requests</u>

Legault's motion to compel Costco to identify sources and clarify discrepancies is denied because Legault does not point to a specific discovery request that Costco did not answer. In his reply, Legault states that the identities of individuals are responsive to his interrogatory two, however, Legault does not provide the interrogatory. Reply at 2, Doc.

No. 37; *see* Fed. R. Civ. P. 37 (a)(3)(B)(i–iii).

    C.    <u>Embassy Suites Interviews</u>

Legault's motion to compel Costco to produce all documents, notes, emails, and memoranda relating to the Embassy Suites interviews conducted by Costco's lawyers while investigating Legault's claims is denied because they are protected by the work-product doctrine and attorney-client privilege. *In re Green Grand Jury Proceedings*, 492 F.3d 976, 982 (lawyer's notes and memoranda from a witness interview are "opinion work product" entitled to almost absolute protection from discovery); *Gillespie v. Charter Comm.*, 133 F. Supp. 3d 1195, 1200 (E.D. Mo. 2015) (attorney-client privilege protects confidential communications between lawyers and their clients). Legault's argument that Costco waived its privilege rights by not listing the notes and memoranda on its privilege log is denied because Costco asserts that it has done so. *See* Costco Response at 5.

Second, Legault joins in Veronica Marking's motion to compel argument that Costco should supplement its privilege log to include any withheld materials which was denied. *See Marking v. Costco Wholesale Corp.*, No. 4:2024-cv-00610, Doc. Nos. 31 and 34.

    D.    <u>Unredacted Social Security Numbers</u>

Legult's motion to compel Costco to provide him with redacted copies of documents containing his social security number and other personal identifiers is denied, and his argument that Costco violated Federal Rule of Civil Procedure 5.2 by producing to him unredacted copies containing his social security number and other personal identifying information is rejected. Rule 5.2 applies only to documents that are filed in court—not to

responses during discovery—and Costo exercised adequate care with Legault's personal information by producing it on "an encrypted, password-protected zip file delivered using a secure document-sharing website." *See* Fed. R. Civ. P. 5.2(a); Costco Response at 5, Doc. No. 36.

IT IS SO ORDERED this 21st day of November, 2025.

_____
UNITED STATES DISTRICT JUDGE