**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**MATTHEW LEGAULT**                                                    **PLAINTIFF**

**v.**                          **CASE NO. 4:24-CV-00728-BSM**

**COSTCO WHOLESALE CORPORATION**                      **DEFENDANT**

**ORDER**

Coscto Wholesale Corporation's motion for summary judgment [Doc. No. 42] is granted and Matthew Legault's complaint is dismissed with prejudice.

**I.  BACKGROUND**

Legault was a employed by Costco as a manager overseeing appliance and home furnishing sales.  *See* Pl. Resp. Def.'s Statement Undisputed Material Facts (Legault SUMF) ¶¶ 4–5, Doc. No. 48.  Sometime after he began working for Costco in 2012, he began a romantic relationship with another Costco employee, Veronica Marking, who filed a discrimination complaint against Costco in September 2023.  Legault SUMF ¶¶ 1–2 & 71; *see* Def. Statement Undisputed Facts (Coscto SUMF), Ex. 1, 21:8– 16, Dep. Matthew Legault; Ex. 13, 31:23–32:4, Dep. Veronica Marking.

In October 2023, Legault reported a hacking concern to Costco's IT service desk. Legault SUMF ¶¶ 22 & 25.  The concern was investigated but no suspicions or malicious devices, accounts, or networks were found.  *Id.* ¶¶ 28–29.  In January 2024, Costco's cyber team discovered that Legault, without authority, downloaded 6,147 documents from its secure network onto his personal computer and to a shared file.  *Id.* ¶¶ 37 & 39. Costco

suspended Legault the next day and fired him soon thereafter.  *Id.* ¶ 47 & 67.

Legault alleges that Costco fired him in violation of Title VII and the Arkansas Civil Rights Act as retaliation for Marking filing a discrimination claim against Costco.  Costco's motion for summary judgment is granted and Legault's complaint is dismissed with prejudice because Legault has failed to make out a prima facie case of retaliation, Costco has provided a legitimate non-discriminatory reason for firing Legault, and Legault has failed to show that the proffered reason for his firing is pretext for discrimination.

## II.  LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).  Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings.  *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011).  Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial.  *Id*.  All reasonable inferences must be drawn in a light most favorable to the non-moving party.  *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007).  The evidence is not weighed, and no credibility determinations are made.  *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III.  DISCUSSION

A.    <u>Title VII</u>

Legault does not present direct evidence of retaliation, so he must show that retaliation

can be inferred from Costco's actions. *See Donathan v. Oakley Grain, Inc.*, 861 F.3d 735 (8th Cir. 2017). This requires Legault to establish a prima facie case of retaliation. *Id.* If he does so, Costco must provide a legitimate non-discriminatory reason for firing him. *Id.* Legault must then show Costco's reasons are pretext for retaliation. *Id.*

Legault has failed to make out a prima facie case of retaliation. To do so, he must show that (1) he engaged in protected activity; (2) he suffered an adverse employment action; and (3) the adverse employment action is related to the protected activity. *See Simonsen v. Thurston Cnty. Sch. Dist. 87-0013*, No. 4:22-CV-3179, 2024 WL 1742945 at *11 (D. Neb. Apr. 23, 2024) (citing *Artis v. Francis Howell N. Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182–83 (8th Cir. 1998)). Legault clearly meets element two because he was fired. Element one is not contested because Marking engaged in protected activity by filing a discrimination complaint and this can be imputed to Legault. *See Wilson v. Clearwater Paper Corp.*, No. 2:22-CV-60-DPM, 2024 WL 1835072 at *3 (E.D. Ark. Apr. 26, 2024). The problem for Legault is that he cannot show that he was fired based on Marking's discrimination complaint. This is true because he was fired four months after Marking filed her complaint and Costco's reason for firing him occurred in the interim. *See Cheshwalla v. Rand & Son Const. Co.*, 415 F.3d 847, 852 (8th Cir. 2005) (four-week interval between complaint and termination, without more, not enough to show causal connection); *Onyiah v. St. Cloud State Univ.*, 5 F.4th 926, 930 (8th Cir. 2021) (even lapse of two months between protected activity and adverse employment action does not create an inference of causation).

Even if Legault could establish a prima facie case, summary judgment would be

appropriate because Costco has provided a legitimate, nondiscrimatory, reason for firing him and he has failed to show that Costco's reason is pretext for discrimination.  Costco states that it fired Legault because he had no authority to download the 6,147 files from its secure network to his personal computer and to a shared drive.  Costco SUMF, Ex. 32, Termination Form; Ex. 5, Decl. Darby Greek ¶ 2–9.

Legault offers three arguments in support of his claim that Costco's proffered reason for firing him is pretextual.  First, he states that investigator Fredrick Helm said on a phone call that credential problems are not unusual to Costco.  Legualt SUMF, Ex. 8 Helm-Legault Call Tr. at 28:20–29:5.  Second, he states that Kim Brown, Costco's regional vice president, initially claimed that Legault's conduct was "in the realm of involving the US Secret Service on a criminal-level" and later stated that she did not know if a criminal breach was ever confirmed by the investigators.  *See* Costco SUMF, Ex. 31, Email from Kim Brown; Legault SUMF, Ex. 11 at 19:19–20:18., Depo. Kim Brown.  Third, he states that Costco deviated from its own investigation policy by having InfoSec conduct the investigation rather than Human Resources.

Legault's arguments are unpersuasive because they center on the quality of Costco's cyber security investigation which is a consequence of its business judgments, which courts generally do not review.  *Bey v. Good Day Farm, No.* 4:22-CV-01292-KGB, 2025 WL 2670887, at *12 (E.D. Ark. Aug. 7, 2025) (citing *Pulczinski v. Trinity Structural Towers, Inc.*, 691 F.3d 996, 1005 (8th Cir. 2012) (citations omitted)).  None of these pretext arguments dispute that he downloaded files from Costco's secure network without authority.

B.       Arkansas Civil Rights Act

Summary judgment is granted on Legault's ACRA claims because they are analyzed in the same manner as Title VII claims.  *See Wallace v. Sparks Health Sys.*, 415 F.3d 853, 860–61 (8th Cir. 2005).

## IV. CONCLUSION

For these reasons, Costco's motion for summary judgment is granted, and Legault's complaint is dismissed with prejudice.

IT IS SO ORDERED this 10th day of April, 2026.

UNITED STATES DISTRICT JUDGE